IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS

KEVIN FLOWERS, On Behalf
of Himself and Other Arkansans
Similarly Situated

    Plaintiffs,

v.

CAREMARK PHC, L.L.C. d/b/a
CVS CAREMARK

    Defendant.

Case No.: 29CV-24-11-2 

CLASS ACTION

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Kevin Flowers ("Flowers" or "Plaintiff"), and for his Class Action Complaint against Defendant Caremark PHC, L.L.C. d/b/a CVS Caremark ("Caremark" or "Defendant"), alleges:

### INTRODUCTION

1. This is a class action brought by an Arkansan receiving healthcare insurance coverage with a prescription benefit managed by Caremark, which is a Pharmacy Benefit Manager (or "PBM") for violations of Arkansas law by managing health care plans within Arkansas that mandate the Arkansas participants use CVS's own mail order pharmacy,

which unfairly restricts and prevents fair and honest competition in violation of the Arkansas Unfair Practices Act ("AUPA") A.C.A. § 4-75-201, *et seq.*

2. Caremark's purpose in forcing consumers to use its own mail order pharmacy is to unlawfully set prices, decrease competition, and moreover, to do an end-run on Arkansas law designed to promote competition and fair pricing of pharmaceuticals for Arkansas consumers.

3. As a result of this PBM's practices in violation of Arkansas law, Plaintiff and the Class members have and continue to suffer actual damages, and under the AUPA are entitled to a trebling of such damages.

## PARTIES

4. Flowers is an Arkansas citizen residing in this County.

5. Caremark is a PBM and a Delaware corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. Its registered agent for service of process is the CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these claims.

7. This Court has personal jurisdiction over as to Defendant because it operates and derives substantial revenues within the State of Arkansas and participated in the wrongdoing alleged in this pleading within the borders of Arkansas.

8. Venue is also proper here in that a significant part of the transactions, occurrences, and wrongdoing occurred within this County.

9. Under the Class Action Fairness Act of 2005 ("CAFA"), it is currently unknown whether the $5,000,000.00 threshold is met for federal subject matter court jurisdiction, and thus, without discovery from the Defendant, Plaintiff pleads the amount in controversy to be $4,999,999.00 or less for the Class. To the extent Defendant were to remove this action, Plaintiff and the Court would need jurisdictional discovery of the following:

 a) Identification of and pertinent documents evidencing all group health benefit plans Defendant manages within the State of Arkansas that require plan participants to use a Caremark controlled mail order pharmacy for a prescription drug.

 b) The number, location, and identities of each plan participant.

 c) As for each such plan, the mail order pharmacy revenues received from each plan.

## FACTUAL ALLEGATIONS

10. Under Arkansas law, it is illegal for a PBM to require healthcare plan participants, in a plan controlled by the PBM, to use the PBM's own mail order pharmacy. A.C.A. § 17-92-119 (b)(2).

11. Caremark violates this statute purposely to destroy and prevent fair and honest competition, and to wrongfully inflate revenue to the detriment of Plaintiff and the Class.

12. In Arkansas, Caremark manages the prescription benefit of at least the healthcare group plan for Holceim, which operates a plant in Prescott. In that plan, all participants are mandated to use Caremark's mail order pharmacy for their daily use medications.

13. Thus, these employees with prescription drug needs must use Caremark's mail order pharmacy, which violates A.C.A. § 17-92-119 (b)(2).

14. Based upon information and belief, Caremark has other group employer/employee healthcare plans within Arkansas unlawfully setting prices and destroying competition by requiring plan participants to use Caremark's mail order pharmacy or mail order specialty pharmacy in violation of Arkansas law.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action under Rule 23 of the Arkansas Rules of Civil Procedure ("ARCP"), individually and for all members of the following Class:

> All citizens of Arkansas participating in a healthcare insurance plan managed by Caremark, within the past five years preceding the filing of this action and through certification of the Class and notification of its members, which includes a mandate to use Caremark's mail order pharmacy.
>
> Excluded from the Class are the following:
>
> a. Any member of the Class that timely opts out;
>
> b. Any director, office, or other executive of the Defendant; and,
>
> c. The judicial officer presiding over this action, and his or her direct family members.

### A. Numerosity Under ARCP 23(a)(1)

16. The Arkansas Supreme Court has noted that classes of only 40 members may be proper for class certification, because of the difficulty inherent in joining as few as 40 class members. The Arkansas Supreme Court has also certified a class as few as 77 members. There are believed to be as many as 77 members of the Class scattered across Arkansas.

17. Thus, the members of the Classes are so numerous that joinder of all members is impracticable.

### B. Commonality Under ARCP 23(a)(2)

18. There are questions of law and/or fact common to the Plaintiff and the Class, which predominate over questions that may affect Class members. The common and predominate questions are whether Defendants' actions as detailed above, which are

all common among them, were anticompetitive, wrongful, violations of Arkansas statutory law and caused Plaintiff and the Class to suffer harm, and actual damages.

### C. Typicality of ARCP 23(a)(3)

19. Plaintiff's claims are typical of the claims of Class, because they all participate in healthcare plans within Arkansas where Caremark manages the plan and forces use of its own mail order pharmacy, and there, the claims all arise from the same wrongdoing committed by Defendant. Plaintiff's claims are based upon the same set of facts and assert the same legal theories as the Class, and they are typical on one another.

### D. Fair and Adequate Representation Under ARCP 23(a)(4)

20. Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff's interests do not conflict with the interests of the other Class members he seeks to represent. Plaintiff has also retained competent counsel experienced in class action litigation. Plaintiff's counsel will fairly and adequately protect the interests of the Class.

### E. Class Certification under Rule 23(b)

21. The claims are certifiable under Rule 23 because each of the elements of Rule 23(a) are met, and the elements of ARCP 23(b) are also met.

22. A class action is warranted for the fair and efficient adjudication of the controversy because, as detailed above, questions of law or fact common to class members predominate over any questions affecting only individual members and is superior to other available methods for fairly and efficiently adjudicating the controversy.

## COUNT I

## VIOLATION OF THE UNFAIR PRACTICES ACT

23. Plaintiff and the Class incorporate all allegations and applications of law asserted above.

24. Defendants' wrongdoings as described above are anticompetitive practices in violation of the Unfair Practices Act of A.C.A. § 4-75-201 *et seq.*

25. The legislative purpose of the Unfair Practices act is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair and discriminatory practices by which fair and honest competition is destroyed or prevented. A.C.A. § 4-75-202.

26. Defendants' wrongdoing alleged here frustrates, and in fact is intentionally designed to prevent honest and fair competition and perpetuate monopolies by CVS Health and its big brand stores in violation of the Unfair Practices Act.

27. Defendants' wrongdoing has proximately caused Plaintiff and other Class members to suffer actual damages. Plaintiff and the Class are also entitled to treble damages pursuant to A.C.A. § 4-75-211 (b)(3).

28. Plaintiff and the Class are also entitled to a temporary, preliminary and a permanent injunction that ends the wrongful practices alleged herein and that are in violation of the Unfair Practices Act.

## COUNT II

## VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT

29. Plaintiff and the Class incorporate all allegations and applications of law asserted above.

30. Defendant violated provisions of the Arkansas Deceptive Trade Practices Act ("ADTPA"), and specifically, A.C.A. § 4-88-107 (a)(8) by knowingly taking advantage of consumers, the Plaintiff and the Class members, because of ignorance or an inability to understand the language of the plans, policies, or benefits, and their relationship to Defendant's statutory obligations under Arkansas law.

26. Defendant's wrongdoing was unconscionable practice in business, commerce, or trade, and therefore, in violation of A.C.A. § 4-88-107 (a)(10).

27. Defendants' violations of the ADTPA have proximately caused Plaintiff and the Class, which are all consumers, to suffer actual financial losses because of their reliance on the use of the practice declared unlawful by the ADTPA.

28. Plaintiffs and the Class suffered actual financial losses is the amount of money they spent for prescriptions they had filled at another more adequate and accessible pharmacy.

29. Plaintiff and the Class are entitled to their attorney's fees and cost in pursuing these violations of the ADTPA by Defendant.

30. The legislature's attempt to remove the class action mechanism for violations of the ADPTA was in violation of the Arkansas Constitution as the legislature

unlawfully infringed on the rulemaking authority of the Arkansas Supreme Court in doing so.

## COUNT III

### DECLARATORY AND INJUNCTIVE RELIEF

31. Plaintiff and the Class incorporate all allegations and application of law asserted above.

32. Pursuant to Ark. Code Ann. § 16-111-102, Plaintiff and the Class seek a declaration that Defendants' actions violate A.C.A. §17-92-119(b)(2).

33. Plaintiff and the Class are entitled to an injunction invalidating the provision of CVS Health's and Aetna's healthcare plans in Arkansas requiring participants to receive his or her prescriptions through home delivery services in violation of A.C.A. §17-92-119(b)(2).

34. Pursuant to Ark. Code Ann. § 16-111-108, upon a determination Defendants' actions violate Arkansas law, Plaintiff and the Class seek supplemental relief in the form of disgorgement of all monies Defendants received from plan participants required to use Defendants' mail order pharmacies in violation of A.C.A. §17-92-119(b)(2).

35. Pursuant to Ark. Code Ann. § 16-111-110, upon a determination Defendants' actions violate Arkansas law, Plaintiff and the Class seek their costs.

## PUNITIVE DAMAGES

36. Plaintiff and the Class are entitled to recover punitive damages from Defendants for their malicious conduct as they knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in damage and that they continued such conduct in reckless disregard of the consequences from which malice may be inferred.

## JURY TRIAL DEMANDED

37. Plaintiff and the Class demand a jury of twelve on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray that the Court enters judgment in their favor on all the claims asserted herein, to Order all the requested relief pled above, their attorneys' fees and costs, and to further provide Plaintiff and the Class all other just and appropriate relief.

10

Respectfully submitted,

POYNTER LAW GROUP, PLLC

/s/ Scott Poynter

Scott Poynter, AR Bar. 09077
scott@poynterlawgroup.com
Daniel Holland, AR Bar. 2019237
daniel@poynterlawgroup.com
Clay Ellis, AR Bar. 2023183
clay@poynterlawgroup.com
4924 Kavanaugh Blvd.
Little Rock, AR 72207
(501) 812-3943