# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | |
|---|---|
| **KEVIN FLOWERS, On Behalf of Himself and Other Arkansans Similarly Situated** | |
| Plaintiffs, | |
| v. | Case No.: 4:24-CV-04031-SOH |
| **CAREMARKPCS HEALTH, L.L.C., and CAREMARKPCS PENNSYLVANIA MAIL PHARMACY, L.L.C.** | **CLASS ACTION** |
| Defendant. | |

## AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff Kevin Flowers ("Flowers" or "Plaintiff"), and for his Class Action Complaint against Defendant, CaremarkPCS Health, L.L.C. d/b/a CVS Caremark and CaremarkPCS Pennsylvania Mail Pharmacy, L.L.C. (collectively "Caremark" or "Defendants"), alleges:

## INTRODUCTION

1. This is a class action brought by an Arkansan receiving healthcare insurance coverage with a prescription benefit managed by Caremark, which is a Pharmacy Benefit Manager (or "PBM") for violations of Arkansas law by managing health care plans within Arkansas that do not provide reasonable adequate and accessible pharmacy network as

1

required by Arkansas Code Annotated section 23-92-505(a)(1)(A) and that unlawfully mandate Arkansas participants use Caremark's own mail-order delivery pharmacy in violation of Arkansas Code Annotated section 17-92-119 (b)(2).

2. Through their unlawful enterprise of depriving Arkansas plan participants of their pharmacy benefit unless they use its own mail-order pharmacy, Caremark profits at the expense and to the detriment of Arkansas consumers.

## PARTIES

3. Flowers is an Arkansas citizen residing in Hempstead County.

4. CaremarkPCS Health, L.L.C., is a PBM and a Delaware corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. Its registered agent for service of process is the CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

5. CaremarkPCS Pennsylvania Mail Pharmacy, L.L.C., is a PBM and mail-order pharmacy. It is a Delaware corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. Its registered agent for service of process is the CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these claims.

7.      This Court has personal jurisdiction over Defendants because they operate and derive substantial revenues within the State of Arkansas and participate in the wrongdoing alleged in this pleading within the borders of Arkansas.

8.      Venue is also proper here in that a significant part of the transactions, occurrences, and wrongdoing occurred within this District.

9.      This Court has subject matter jurisdiction over this matter under the Class Action Fairness Act of 2005 ("CAFA").  First, the amount in controversy is satisfied because the damages exceed $5,000,000.00.  Second, the diversity requirement is met because Flowers is an Arkansas citizen and Caremark is registered in Delaware with a principal place of business in Rhode Island.

## **FACTUAL ALLEGATIONS**

10.     Caremark, in its capacity as a PBM, administers many drug benefit plans within the State of Arkansas, including the plan for Holcim (which operates a manufacturing plant in Prescott) where Flowers is a plan participant.

11.     In multiple plans Caremark administers in Arkansas, it restricts the network pharmacy option available to plan participants to home delivery from its own mail-order pharmacy, which does business as CVS Caremark.

12.     In such plans, participants are forced to either receive pharmacy care, services, and products by mail-order from CVS Caremark, which is covered under the plan, or lose the benefit of their plan and pay cash to have prescriptions filled at their local pharmacy.

13. Caremark derives financial benefit in the form of payments to administer the drug benefit plans and profit from dispensing the resulting mail-order prescriptions.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), individually and for all members of the following Class:

> All citizens of Arkansas participating in a healthcare insurance plan managed by Caremark, within the past five years preceding the filing of this action and through certification of the Class and notification of its members, which restricts the network pharmacy available to plan participants to its own mail-order pharmacy, which does business as CVS.
>
> Excluded from the Class are the following:
>
> a. Any member of the Class that timely opts out;
>
> b. Any director, office, or other executive of the Defendants; and,
>
> c. The judicial officer presiding over this action, and his or her direct family members.

### A. Numerosity Under FRCP 23(a)(1)

15. "There is no magic number for proving numerosity, but courts have stated as few as forty class members is sufficient to show joinder is impracticable." *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 450 (D. Neb. 2010). Here, that number is easily satisfied. There are believed to be about 68,055 members of the Class scattered across Arkansas.

16.     Thus, the members of the Classes are so numerous that joinder of all members is impracticable.

### B.     Commonality Under FRCP 23(a)(2)

17.     There are questions of law and/or fact common to the Plaintiff and the Class, which predominate over questions that may affect Class members. The common and predominate questions are whether Defendants' actions as detailed above, which are all common among them, were anticompetitive, wrongful, violations of Arkansas statutory law and caused Plaintiff and the Class to suffer harm, and actual damages and/or that unjustly enriched Defendants.   Moreover, Defendants acted under a common scheme in order to unjustly enrich itself in the same manner to the detriment of all Class members.

### C.     Typicality of FRCP 23(a)(3)

18.     Plaintiff's claims are typical of the claims of Class because they all participate in healthcare plans within Arkansas where Caremark manages the plan and restricts the plan benefit to cover only its own mail-order pharmacy, and the claims all arise from the same wrongdoing committed by Defendants. Plaintiff's claims are based upon the same set of facts and assert the same legal theories as the Class, and they are typical on one another.

### D.     Fair and Adequate Representation Under FRCP 23(a)(4)

19.     Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff's interests do not conflict with the interests of the other Class members

he seeks to represent. Plaintiff has also retained competent counsel experienced in class action litigation. Plaintiff's counsel will fairly and adequately protect the interests of the Class.

### E.    Class Certification under Rule 23(b)

20.    The claims are certifiable under Rule 23 because each of the elements of Rule 23(a) are met, and the elements of FRCP 23(b) are also met.

21.    A class action is warranted for the fair and efficient adjudication of the controversy because, as detailed above, questions of law or fact common to class members predominate over any questions affecting only individual members and is superior to other available methods for fairly and efficiently adjudicating the controversy.

## COUNT I
## VIOLATION OF THE UNFAIR PRACTICES ACT

22.     Plaintiff and the Class incorporate all allegations and applications of law asserted above.

23.    Defendants' wrongdoings as described above are anticompetitive practices in violation of the Unfair Practices Act of Arkansas Code Annotated section 4-75-201 *et seq*.

24.    The legislative purpose of the Unfair Practices act is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair and discriminatory practices by which fair and honest competition is destroyed or prevented. Ark. Code Ann. § 4-75-202.

25.     Defendants' wrongdoing alleged here frustrates, and in fact is intentionally designed to prevent honest and fair competition and perpetuate monopolies by Caremark and its big brand stores in violation of the Unfair Practices Act.

26.     Defendants' wrongdoing has proximately caused Plaintiff and other Class members to suffer actual damages.  Plaintiff and the Class are also entitled to treble damages pursuant to Arkansas Code Annotated section 4-75-211 (b)(3).

27.     Plaintiff and the Class are also entitled to a preliminary and a permanent injunction that ends the wrongful practices alleged herein and that are in violation of the Unfair Practices Act.

## COUNT II
## VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT

28.     Plaintiff and the Class incorporate all allegations and applications of law asserted above.

29.     Defendants violated provisions of the Arkansas Deceptive Trade Practices Act ("ADTPA"), and specifically Arkansas Code Annotated section 4-88-107(a)(8), by knowingly and unlawfully violating Arkansas statutes pertaining to PBMs.

30.     Specifically, Defendants are in violation of Arkansas Code Annotated section 11-5-114, which provides that it is "unlawful for any employer providing pharmacy services, including prescription drugs, to employees as a part of a health care program to require the employee to obtain drugs from an out-of-state mail-order pharmacy as a condition of obtaining the employer's payment for the prescription drugs

7

or to impose upon an employee not utilizing an out-of-state mail-order pharmacy designated by the employer a copayment fee or other condition not imposed upon employees utilizing the designated out-of-state mail-order pharmacy."

31.    Furthermore, Defendants are in violation of Arkansas Code Annotated section 23-92-505, which requires PBMs to provide "[a] reasonably adequate and accessible pharmacy benefits manager network for the provision of prescription drugs for a health benefit plan that shall provide for convenient patient access to pharmacies within a reasonable distance from a patient's residence."  Mail-order pharmacies cannot be included in this calculation.

32.    Defendants have violated these statutes by requiring participants to either receive pharmacy care, services, and products by mail-order from CVS Caremark that is covered under their plan or lose the benefit of their plan and pay cash to have prescriptions filled at their local pharmacy.

33.    Defendant's wrongdoing was unconscionable practice in business, commerce, or trade, and therefore, in violation of Arkansas Code Annotated section § 4-88-107(a)(10).

34.    Defendants' violations of the ADTPA have proximately caused Plaintiff and the Class, which are all consumers, to suffer actual financial losses.

35.    Plaintiffs and the Class suffered actual financial losses is the amount of money they spent for prescriptions they had filled at another more adequate and accessible pharmacy which was not covered by their plan.

36.     Plaintiff and the Class are entitled to their attorney's fees and cost in pursuing these violations of the ADTPA by Defendants.

## COUNT III
## UNJUST ENRICHMENT

37.  Caremark is legally obligated to administer drug benefit plans in Arkansas in compliance with Arkansas laws for the benefit of Arkansas plan participants.

38.     Under Arkansas Code Annotated section 23-92-505(a)(1)(A), Caremark must provide an adequate pharmacy network for plan participants which cannot be limited to mail-order pharmacies.

39.     Under Arkansas Code Annotated section 17-92-119 (b)(2), Caremark is not permitted to require a plan participant to use a mail-order, home delivery, pharmacy to receive the benefit of the plan.

40.     By restricting plan participants' benefit to CVS Caremark mail-order pharmacy, Caremark is in violation of the above-cited laws and unfairly deprives Arkansas consumers of the benefit of their plan.

41.     Caremark is enriched through compensation for administering drug benefit plans in Arkansas and through profit derived from filling and dispensing the resulting mail-order prescriptions.

42.     The enrichment of Caremark through unlawfully restricting plan participants benefit to its own mail-order pharmacy is unjust.

43.     Plaintiff and Class are entitled to restitution from Caremark of the amounts paid to it to administer the drug benefit plans.

44.     Plaintiff and Class are entitled to restitution from Caremark for the profit it derived from filling the mail-order pharmacy prescriptions directed to it from its own drug benefit plans.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

45.     Plaintiff and the Class incorporate all allegations and application of law asserted above.

46.     Pursuant to Arkansas Code Annotated section 16-111-102, Plaintiff and the Class seek a declaration that Defendants' actions violate Arkansas Code Annotated section 17-92-119(b)(2).

47.     Plaintiff and the Class are entitled to an injunction invalidating the provision of CVS Health's and Aetna's healthcare plans in Arkansas requiring participants to receive his or her prescriptions through home delivery services in violation of Arkansas Code Annotated section 17-92-119(b)(2).

48.     Pursuant to Arkansas Code Annotated section 16-111-108, upon a determination Defendants' actions violate Arkansas law, Plaintiff and the Class seek supplemental relief in the form of disgorgement of all monies Defendants received from plan participants required to use Defendants' mail-order pharmacies in violation of Arkansas Code Annotated section 17-92-119(b)(2).

10

49.     Pursuant to Arkansas Code Annotated section 16-111-110, upon a determination Defendants' actions violate Arkansas law, Plaintiff and the Class seek their costs.

## PUNITIVE DAMAGES

50.     Plaintiff and the Class are entitled to recover punitive damages from Defendants for their violations of the Arkansas Deceptive Trade Practices Act. Defendants' conduct was malicious as they knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in damage and that they continued such conduct in reckless disregard of the consequences from which malice may be inferred.

51.     Furthermore, Plaintiff and the Class are entitled to recover punitive damages from Defendants for the violations of the Arkansas Unfair Practices Act because Defendants knew or should have known that their actions would likely cause injury or damage but continued regardless of the consequences.

## JURY TRIAL DEMANDED

52.      Plaintiff and the Class demand a jury of twelve on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray that the Court enters judgment in their favor on all the claims asserted herein, to Order all the requested relief pled above, their attorneys' fees and costs, and to further provide Plaintiff and the Class all other just and appropriate relief.

Respectfully submitted,
**POYNTER LAW GROUP, PLLC**

Scott Poynter, AR Bar 09077
scott@poynterlawgroup.com
Daniel Holland, AR Bar 2019237
daniel@poynterlawgroup.com
Scout Snowden, AR Bar 2021210
scout@poynterlawgroup.com
Clay Ellis, AR Bar 2023183
clay@poynterlawgroup.com
4924 Kavanaugh Blvd.
Little Rock, AR 72207
(501) 812-3943


Rodney P. Moore (96134)
Shelby H. Shroff (2019234)
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PH:    (501) 371-0808
FX:    (501) 376-9442
EM:    rpmoore@wlj.com; sshroff@wlj.com

12